NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICIO VALENCIA AGUERO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-731

Agency No.
A206-409-743

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO,
District Judge.[***]

Mauricio Valencia Aguero ("Valencia"), a native and citizen of Mexico, seeks

review of a decision from the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Immigration Judge's ("IJ") denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review agency findings of fact for substantial evidence and questions of law de novo. *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). We deny the petition for review.

1.      The agency did not err in pretermitting Valencia's asylum application as untimely. Valencia argues that the agency erred in pretermitting his asylum application when he filed it more than one year after entering the United States. A petitioner may be excused for filing an untimely application for asylum upon a showing of "[1] changed circumstances which materially affect [his] eligibility for asylum or [2] extraordinary circumstances relating to the delay in filing an application" within one year. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §§ 1208.4(a)(4)(i) & (5). In addition, a petitioner must show that he filed his application within a "reasonable period of time," given the circumstances asserted. 8 C.F.R. §§ 1208.4(a)(4)(ii) & (5).[1]

To show "changed circumstances," Valencia provides the State Department's

---

[1] We disagree with the government's assertion that we lack jurisdiction to review the BIA's determination that a petitioner failed to show changed or extraordinary circumstances. We may review whether the BIA erred in deciding that the undisputed facts raised by petitioner did not constitute either changed or extraordinary circumstances. *See Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022).

2016 Country Report allegedly showing an exponential increase in violence and human rights abuses in Mexico. Such a showing does not satisfy his burden. Although Valencia contends that the facts reflect changed country conditions, he fails to argue or articulate how the alleged changed conditions "materially affect[ed] *his*] eligibility for asylum." 8 C.F.R. § 1208.4(a)(4)(i); *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007) (per curiam).

Valencia's lack of knowledge of the asylum process does not constitute "extraordinary circumstances" that excuse his nearly eight-year-long delay in filing for asylum. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1139 (9th Cir. 2013) (concluding that the need to seek legal assistance did not excuse the untimely filing). Even assuming Valencia's age reasonably contributed to the initial delay in filing, Valencia did not file his application until two years after the commencement of his removal proceedings and nearly four years after he turned 18. Valencia has not provided evidence of extraordinary circumstances that would excuse the four-year delay in filing after he turned 18. *See id*. at 1135 (concluding that a delay of less than six months is presumptively reasonable).

2. Valencia also claims that the agency erred in denying his application for asylum and withholding of removal based on a lack of nexus. To satisfy the nexus requirement, a petitioner is required to prove that his race, religion, nationality, membership in a particular social group, or political opinion is "'one

central reason' (for asylum) or 'a reason' (for withholding of removal) for [his] past or feared harm." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021)). The record here does not compel the conclusion that drug traffickers targeted Valencia based on any protected ground. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021) (explaining that the petitioner must "show that [he] held (or that [his] persecutors believed that [he] held) a political opinion"). To the contrary, the evidence in the record supports the agency's finding that Valencia was recruited to sell drugs for a pecuniary reason. Indeed, Valencia testified that there was nothing "special" about him and that drug traffickers approached him because he was always "with a group of boys."

Absent any direct or circumstantial evidence in the record of an alternative motive to harm Valencia based on his political opinion or membership in a particular social group, we cannot conclude that the agency erred in determining that Valencia failed to satisfy the nexus requirements for asylum or withholding of removal, respectively. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A petitioner's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3. In his opening brief, Valencia does not contest and therefore forfeits any challenge to the BIA's determination that he did not challenge the IJ's denial of

CAT protection on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are forfeited).

**PETITION DENIED**.